MORTIMER PORTER, RESPONDENT, v. ELISHA RUCK-
MAN, APPELLANT.

*Testimony— Question—Responsiveness—Evidence— Clerk's Minutes.*

The engrossed minutes of a trial kept by the clerk of the Court are compe-
tent evidence of the beginning and end of the trial of another action, although
his rough minutes, kept in Court while the trial was in progress, are destroyed.

CLERKE, J.—The only questions before us relate to the admis-
sibility of evidence.

The action was brought to recover compensation for legal ser-
vices.  The question before the referee was whether the Plaintiff
had been guilty of neglect in his employment, in unnecessarily
delaying and postponing the trial of several actions brought by
the Defendant against insurance companies on policies of insu-
rance.  The Plaintiff, who was examined on his own behalf, was
asked: "Why did you not try the case against the Union Com-
pany at the same time?"  He answered: "Because Cutting, the
counsel for Ruckman, wanted to try a vessel case first.  I have
no reason, except Cutting would not try it," &c.

He was then asked: "Was Mr. Ruckman there with his wit-
nesses, ready to try his other cases?"  He answered: "I remem-
ber he was at the other trial, which ended the 13th February,
1858," &c.  "Whether Ruckman's witnesses were there then I do
not know.  He did not urge me then to go on with the other
trials.  I don't think he spoke to me.  *If he did, I referred him to
his counsel.*" . The last part of this answer was objected to
as not responsive to the question, and as not being rele-
vant.

This is a very trivial objection.  The purpose of the question
was to show that Ruckman was ready and anxious then to try his
other cases, and that the Plaintiff in this case unnecessarily de-
layed them.  But the Plaintiff, in answer to it, says he did not
urge him or speak to him about the trial, and then adds, by way
5

of showing that the delay was not his fault, that, if Ruckman did speak to him, he referred him to Mr. Cutting, whom Ruckman had employed as counsel to try the cases. This, indeed, is not responsive in the precise terms of the question, but tends, if it has any effect, to acquit him of causing the delay, and that would make it relevant. Therefore, being relevant, although not responsive, the referee did not err in refusing to strike it out. It was a question of order merely, entirely in his discretion.

It is objected, also, that the attorney of the Union Insurance Company was allowed to prove that he thought he would have advised the company to settle with Ruckman, if Ruckman had given a bond to discharge the attachment which the Plaintiff in this case had issued against the Defendant and served on the company, in order to secure a lien on the amount which the company owed the Defendant.

This objection is also trivial; the answer could have had no effect on the decision of the referee.

As to the objection to the minutes of the Clerk of the Superior Court, they were introduced for the purpose of showing that the trial of a case, in which Mr. Cutting was employed as counsel, was commenced on the 18th of January, 1858, and that it continued until the 4th of February. It was admitted that Mr. Cutting was engaged as counsel in that case; and as he was the Defendant's counsel in some of the cases in which the Defendant complains of the Plaintiff's delay in not bringing them on to trial about that time, it appears to me that the evidence was relevant, in order to account for the alleged delay.

As to the objection that the minutes produced were copies from the original minutes, neither is this tenable.

It was proved that the Clerk of the Trial Term made rough minutes of the proceedings at the trial, which he afterwards transcribed into the book produced. The rough minutes were always destroyed; so that the book, into which they were copied by the same clerk, became the authentic record of the proceedings.

I think the evidence was competent for the purpose for which it was introduced.

The judgment should be affirmed, with costs.

All affirm.

<div style="text-align:right">

JOEL TIFFANY,

State Reporter.